IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-66,307-01; 66,307-02






EX PARTE JESSE ALEXANDER, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 0317289 & 0317288 IN THE 8TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of cocaine and possession of marijuana and sentenced to sixty years' and ten years' imprisonment. 
The Twelfth Court of Appeals affirmed his convictions. Alexander v. State, Nos. 12-04-00074-CR
and 12-04-00075-CR (Tex. App.-Tyler, delivered August 31, 2005). 

 Applicant contends inter alia that his guilty pleas were involuntary because trial counsel
erroneously advised him that he could be convicted of possessing the drugs in the trunk of the car
he was driving even if he did not know the drugs were there. Applicant also contends his counsel
was ineffective for questioning him during sentencing regarding an assault offense that had been
dismissed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of 
involuntary pleas and ineffective assistance of counsel. The attorney's affidavit shall state whether
he advised Applicant that he could be convicted of possession of the drugs in the trunk of the car he
was driving even if he did not know they were there. The affidavit shall also state whether or not
counsel questioned Applicant in front of the jury regarding an assault charge that had been dropped
and if so, the reasons behind such questioning. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether Applicant's pleas were involuntary. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 6, 2006


Do not publish